UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID PENN,                                          Case No. 1:14-cv-76

            Plaintiff,                            Barrett, J.
                                                        Bowman, M.J.

    v.

WILLIAM K. OGG, et al.,

            Defendants.

REPORT AND RECOMMENDATION

**I.     Procedural Background**

Proceeding under 42 U.S.C. §1983, Plaintiffs David and Sheryl Penn paid the requisite filing fee and initiated this civil rights case against multiple Defendants, alleging that Defendants violated their constitutional rights during a civil proceeding in state court. Defendants filed an Answer on February 12, 2014, and Plaintiffs promptly filed a motion to strike Defendants' Answer. (Doc. 6).

On February 26, 2014, Plaintiff David Penn filed an ex parte Notice seeking a Temporary Restraining Order ("TRO"), in hopes of preventing a scheduled sale of his property in state court. (Doc. 8). United States District Judge Michael R. Barrett, the presiding district judge, convened a prompt status conference concerning the motion for a TRO. Judge Barrett held a short conference on February 27, 2014 and a follow-up hearing on March 4, 2014. At the conclusion of the latter conference, Judge Barrett indicated that an Order would follow, with a follow up conference to be set. (*See* Minute

Entry dated 03/04/2014).

Although this Court has not yet ruled on Plaintiffs' TRO motion, the undersigned takes judicial notice of the fact that Plaintiffs successfully obtained a stay of the pending sale of their land in state court. The public records of the state court proceedings are available at http://www.sciotocountycpcourt.org. The docket sheet of the foreclosure action reflects that on March 4, 2014, the same date as the hearing before Judge Barrett, the state trial court entered an order staying "all further execution of the Jan 4, 2014 judgment entry…until further order of this court and the sheriff's sale scheduled for March 5, 2014 is also canceled." Additionally, Plaintiffs have an ongoing appeal of the state court judgment; the docket sheet of appellate proceedings is accessible from the same state court website. On March 6, 2014, the Court of Appeals denied the appellant David Penn's motion to stay execution and cancel the sheriff's sale of his property scheduled March 5, 2014 "as moot because the trial court has already granted the requested stay." On April 15, 2014, the appellate court granted David Penn's motion for an extension of time to file his appellant's brief, granting him an extension until May 8, 2014.

Also on March 4, 2014, Defendants filed a motion in this Court seeking judgment on the pleadings. (Doc. 9). Plaintiffs have filed a response in opposition to that motion, to which Defendants have filed a reply. (Docs. 12, 14). Discovery has been stayed pending resolution of this dispositive motion. During a status conference, the undersigned directed Plaintiffs to move to amend their complaint on or before April 25, 2014, but Plaintiffs have not tendered any amendment. (*See* Minute Entry and

2

Calendar Order, Doc. 13, dated April 4, 2014). For the reasons that follow, I now recommend that Plaintiff's motion to strike Defendants' Answer and Plaintiffs' motion for a TRO be denied as moot, that Defendants' motion for judgment on the pleadings be granted, and that this case be dismissed.

## II. Factual Background

On March 28, 2013, the Scioto County, Ohio Treasurer, William K. Ogg, filed a tax foreclosure action against a parcel of land identified as lot 71, parcel No. 240979000 and lot 72, parcel No. 241590000 in Scioto County, Ohio. Plaintiffs are the owners of the land subject to foreclosure.

Because a land transfer between Plaintiffs and the prior owners, David and Donna Holcomb, was not properly recorded, Plaintiffs were not initially named as defendants in the foreclosure action filed by Treasurer Ogg in Scioto County, Ohio Court of Common Pleas. On June 14, 2013, the Scioto County Prosecutor's Office amended the foreclosure complaint to include Plaintiffs herein as named defendants in the state foreclosure action. Plaintiffs filed no answer, and a default judgment was thereafter entered on August 9, 2013. (Doc. 9, Exhibit 4). Following additional legal proceedings in state court, the common pleas court judge presiding over the foreclosure action granted summary judgment in favor of the Scioto County Treasurer. Pursuant to Ohio law, Plaintiffs' land was scheduled to be sold at a sheriff's sale on March 5, 2014. Plaintiffs filed suit in this Court to challenge the state court judgment authorizing the sale of their land. As stated above, the sheriff's sale was canceled by the state trial court. Plaintiffs continue to challenge state court proceedings both in the Clermont County

3

Court of Common Pleas and in the Ohio Court of Appeals.

### III. Analysis

### A. Judgment on the Pleadings Standard

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

The Sixth Circuit has explained the pleading requirements that are necessary to survive a Rule 12(c) motion as follows:

> In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

> more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). In *Erickson v. Pardus,* 550 U.S. ——, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly,* however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 2200 (quoting *Twombly,* 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly,* 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549-50 (6th Cir. 2008)(quoting *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d at 295–96 (6th Cir. 2008) (footnote omitted)).

### B. Grounds Asserted in Defendants' Motions

Defendants have moved for judgment on the pleadings on two grounds, arguing that: (1) the Tax Injunction Act bars this suit; and (2) the Booker-Feldman Doctrine bars subject matter jurisdiction. For the following reasons, I recommend that Defendants' motion be granted, and that all of Plaintiffs' claims be dismissed.

#### 1. The Tax Injunction Act

Defendants first argue that Plaintiffs' claims are barred by the Tax Injunction Act, 28 U.S.C. §1341, which states that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and

5

efficient remedy may be had in the courts of such State." Although the Act specifically forbids only injunctive relief, under the general policy of comity that it embodies, declaratory judgment and monetary damages under 42 U.S.C. §1983 are also barred. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 105 (1981). The Sixth Circuit has previously barred similar challenges to tax foreclosure actions in state court based upon the Tax Injunction Act. See *Dixon v. Oisten*, 62 Fed. Appx. 105 (6th Cir. 2003). The state court foreclosure action for nonpayment of delinquent taxes that Plaintiffs challenge in this case is precisely the type of suit over which federal courts have no jurisdiction. See *Heskett v. Athens County*, Case No. 2:11-cv-890, 2013 WL 1154466 at *3-5 (S.D. Ohio, March 19, 2013)(Marbley, J), *aff'd* 2013 WL 6246352 (6th Cir. Dec. 4, 2013)(holding that Tax Injunction Act generally bars jurisdiction even where the plaintiff alleges civil rights or constitutional claims).

Like in *Heskett*, Plaintiffs appear to have an adequate remedy in state court. In fact, Plaintiffs have filed multiple motions and objections in ongoing proceedings in state court. As indicated above, Plaintiffs' motions have yielded at least partial success, to the extent that the state trial court has stayed "all further execution of the Jan 4, 2014 judgment entry" and canceled the sheriff's sale previously set for March 5, 2014. Plaintiffs continue to pursue an appeal of the trial court's judgment in the Ohio Court of Appeals, and recently obtained an extension of time until May 8, 2014 in which to file a brief in that court. Both under the Tax Injunction Act and under general provisions of comity, Plaintiffs are not entitled to pursue simultaneous and duplicative relief in this federal court.

6

In their response in opposition to Defendants' motion, Plaintiffs protest that the Tax Injunction Act and cited cases are "irrelevant" because the state court action is not a "Foreclosure Action" but instead is an "In Rem Action" for the sale of their property. (Doc. 12 at 2). However, as Defendants are quick to point out, the caption of the underlying state court action is "In the Matter of the Foreclosure of Liens for Delinquent Land Taxes By Action In Rem" vs. "Parcels of Land Encumbered with Delinquent Land Taxes." There is no question that the underlying state proceeding involves the assessment of real estate taxes and a potential sale of the encumbered real estate in an attempt to collect those taxes. In short, the undersigned agrees with Defendants that the Tax Injunction Act fully bars Plaintiffs' suit in this Court.

### 2. The Rooker-Feldman Doctrine

Although Plaintiffs' claims are barred under the Tax Injunction Act, Defendants' alternative argument also favors dismissal. The *Rooker-Feldman* doctrine operates to deprive this Court of jurisdiction to the extent that Plaintiffs seek to appeal an adverse state court judgment in this court.

Plaintiffs' complaint clearly seeks to overturn the state court's judgment of foreclosure. (See Doc. 1 at 26-27, "the subject alleged property tax was based upon fraud, deceit, misrepresentation and Lack of Full Disclosure. The subject Tax Lien Sale must be set aside, and DISCHARGED as a matter of law, and in the interest of justice."). Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions.

To the extent that Plaintiffs seeks review of the prior state court proceedings in the Clermont County Court of Common Pleas, they are limited to their ongoing appeal in state court. Federal appellate review of state court determinations may be obtained only by filing a petition for writ of certiorari in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment.

Other courts have dismissed similar claims *sua sponte* under 28 U.S.C. § 1915(e) as "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See, e.g., Taylor v. Deutsche Bank Nat. Trust Co.,* 2010 WL 5463046 (N.D. Ohio, Dec.29, 2010) (dismissing federal claims under Truth–In–Lending Act, RESPA, and Fair Debt Collection Practices Act, along with many state claims, dismissing complaint seeking an order requiring Defendants to reinstate title to foreclosed property and an injunction, as well as monetary damages); *White v. Wells Fargo Bank,* 2010 WL 4722076 (N.D. Ohio, Nov.15, 2010) (dismissing claim that Defendant failed to notify plaintiffs of their right to rescind prior to foreclosure, and dismissing suit to return property and quiet title); *see also generally, Anderson v. County of Wayne,* 2010 WL 4259979 (E.D. Mich., Oct.25, 2010) (collecting cases applying doctrine in challenges to state judgments of foreclosure).

It is true that more recent case law in the Sixth Circuit cautions trial courts not to apply the doctrine blindly, without careful review of a plaintiff's claims. Following the

8

Supreme Court's decision clarifying the scope of *Rooker–Feldman* in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), published decisions by the Sixth Circuit and lower courts within this Circuit have limited application of the doctrine to instances in which the litigant *only* seeks to reverse or set aside the state court foreclosure judgment. Thus, if a litigant presents a claim that is "in any way independent of the state-court judgment" such as "claims based on alleged violations of federal and state law" that are independent of alleged deficiencies in the state-court foreclosure proceedings, a federal court will have jurisdiction. *See Miller v. Countrywide,* 747 F.Supp.2d 947, 956-958 (S.D. Ohio 2010) (*Rooker–Feldman* doctrine did not entirely deprive court of jurisdiction for claims independent of foreclosure); *see also Brown v. First Nationwide Mortgage Corp.,* 206 Fed. Appx. 438(6th Cir. 2006) (claim of fraud in procuring state mortgage not precluded by doctrine); *Whitaker v. Deutsch Bank Nat'l Trust Co.,* 605 F. Supp.2d 914, 922 (N.D. Ohio 2009) (Fair Debt Collection Practices Act claim not barred where plaintiffs alleged that defendants provided false information in foreclosure proceedings to obtain state judgments); *Smith v. Encore Credit Corp.,* 623 F.Supp.2d 910, 916–917 (N.D. Ohio 2008) (exercising jurisdiction over RESPA, FCRA, TILA, and state law claims notwithstanding state court foreclosure).

Having carefully reviewed Plaintiffs' complaint in this case, the undersigned does not find the existence of any claims that are independent of the state court delinquent tax and foreclosure proceedings. For that reason, the *Rooker-Feldman* doctrine appears to wholly bar this action in federal court. *See generally Hines v. Franklin Sav.*

*& Loan*, 1:09-CV-914, 2011 WL 882976 at *2-4 (S.D. Ohio Jan. 31, 2011) *report and recommendation adopted as modified,* C-1-09-914, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011); *Anderson v. County of Wayne*, 2011 WL 3438337 (E.D. Mich., Aug. 5, 2011).

### IV. Conclusion and Recommendation

For the reasons discussed, **IT IS RECOMMENDED HEREIN:**

1. That Defendants' motion for judgment on the pleadings (Doc. 9) be **GRANTED**;

2. That Plaintiffs' *ex parte* motion for a TRO (Doc. 8) be **DENIED AS MOOT** in light of the prior relief entered by the state court, and because this Court lacks jurisdiction;

3. That Plaintiffs' motion to strike Defendants' answer (Doc. 6) be **DENIED** for the reasons stated in Defendants' response, or alternatively, be denied as moot;

4. That this case be **DISMISSED WITH PREJUDICE** and **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID PENN,	Case No. 1:14-cv-76

    Plaintiff,	Barrett, J.
                                   Bowman, M.J.
    v.

WILLIAM K. OGG, et al.,

    Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11