UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID PENN, et al.,                                     Case No.: 1:14-cv-76

      Plaintiffs,                                              Barrett, J.

v.                                                              Bowman, M.J.

WILLIAM K. OGG, et al.,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on the May 15, 2014 Report and Recommendation of the Magistrate Judge.  (Doc. 15).  In the Report, the Magistrate Judge recommends granting Defendants' motion for judgment on the pleadings based on the Tax Injunction Act, 28 U.S.C. 1341 or the *Rooker-Feldman* doctrine, (Doc. 9), denying as moot Plaintiffs' ex parte motion for a temporary restraining order (Doc. 8), denying Plaintiffs' motion to strike (Doc. 15), and dismissing the case with prejudice.  In accordance with the permitted extensions of time, Plaintiffs have filed timely objections to the Report (Doc. 25).  Defendants have filed a response to Plaintiffs objections.  (Doc. 26).  This matter is now ripe for review.

**I.     BACKGROUND**

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Report (*see* Doc. 15), and thus, will not be repeated in full here.  The Court nevertheless will address several procedural and factual issues that Plaintiffs specifically reference in their objections.

First, Plaintiffs point out that they filed their Complaint in this Court for "Rules Violations by Government Agents Acting Under Color of Law, By Violating Constitutional

1

Protected Rights, Emphasis to Article IV, A[r]ticle V, Article VI, Article VII, of the Constitution of the [U]nited States of America (Major)." (Doc. 25, PageID 172). While the title of Plaintiffs' Complaint is not identical to that included in Plaintiffs' objections, the Court recognizes, as the Magistrate Judge also did (Doc. 15, PageID 128), that Plaintiffs couched their claims in the Complaint in terms of constitutional violations. (*See* Doc. 1).

Second, Plaintiffs point out that they filed a motion to strike Defendants' answer to Plaintiffs' pleadings because of improper statements submitted by Defendants' attorneys, and on that basis, they claim that Defendants' motion for judgment on the pleadings is void (Doc. 25, PageID 172). As the Magistrate Judge recognized (Doc. 15, PageID 128), Plaintiffs indeed filed a motion to strike with the Court (*see* Doc. 6) and Defendants also filed a motion for judgment on the pleadings (*see* Doc. 9). Having reviewed the answer of Defendants, however, the undersigned finds no improper statements were made by Defendants therein and does not find that the Magistrate Judge improperly relied on information that was inappropriate for consideration on a motion for judgment on the pleadings.

Third, Plaintiffs take issue with the Magistrate Judge's characterization of the ex parte notice seeking a temporary restraining order. (Doc. 25, PageID 172). While the Magistrate Judge indicated that the notice was filed "in hopes of preventing a scheduled sale of his property in state court" (Doc. 15, PageID 128), Plaintiffs argue that they filed the notice "for the protection of the Bill of Rights . . . that protects Private state citizens land rights" (Doc. 25, PageID 172). In the below analysis, the Court recognizes Plaintiffs' characterization of the notice.

Fourth, Plaintiffs dispute that William K. Ogg properly filed a tax foreclosure action, citing to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in support of their claims. (Doc. 25, PageID 173). Those rules, however, are inapplicable here.[1]

Fifth, Plaintiffs disagree with the Magistrate Judge's statement that there was an improper recordation. (Doc. 25, PageID 173). Even accepting that factual dispute as true, however, the Magistrate Judge accurately explained that the foreclosure complaint in Scioto County, Ohio Court of Common Pleas was amended to include Plaintiffs herein as named defendants, and Plaintiffs made multiple filings in that state court proceeding. After multiple legal proceedings in which Plaintiffs participated, the Scioto County Court of Common Pleas found that Plaintiffs' land was eligible to be sold at a sheriff's sale. The public records of the state court proceedings, of which the Court takes judicial notice, are available at http://www.sciotocountycpcourt.org.

Sixth, Plaintiffs point out that the Magistrate Judge misstated that Plaintiffs continue to challenge the state court proceedings in "Clermont County" Court of Common Pleas. (Doc. 25, PageID 174). The Court agrees, and finds that "Clermont County" should have been "Scioto County." The factual misstatement is nevertheless immaterial to the below analysis.

II.  **STANDARDS OF REVIEW**

   A. **Objections**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review,

---

[1] This is not a maritime attachment and garnishment case, a forfeiture action in rem arising from a federal statute or a procedure in statutory condemnation proceedings analogous to a maritime action in rem. Rather, it is a state tax foreclose proceeding. Plaintiffs' reference to Title 12 (Banks and Banking) of the United States Code does not alter that fact.

the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. Judgment on the Pleadings

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

### III. ANALYSIS

Having reviewed the Magistrate Judge's Report in light of Plaintiffs' objections, the Court finds that the Magistrate Judge properly concluded that the claims asserted in Plaintiffs' Complaint are barred by 1) the Tax Injunction Act, and 2) the *Rooker-Feldman* doctrine.

**A. <u>Tax Injunction Act</u>**

Plaintiffs argue that the Magistrate Judge erred in her recommendation that the Complaint be dismissed under the Tax Injunction Act for two reasons. (Doc. 25, PageID 174).

First, Plaintiffs argue that there was not a tax foreclosure under the Tax Injunction Act. (Doc. 25, PageID 174).  The Court disagrees.  As the Magistrate Judge properly recognized (Doc. 15, PageID 134), the underlying state court case was captioned "In the Matter of Foreclosure of Liens for Delinquent Land Taxes by Action in Rem . . ." vs. "Parcels of Land Encumbered with Delinquent Land Taxes. . . ."  The Complaint and Amended Complaint asserted that the taxes, assessments, charges, penalties and interests on the subject property were delinquent and sought foreclosure on the property.  The state court granted the Scioto County Treasurer summary judgment in the foreclosure proceeding based upon unpaid real estate taxes. The underlying case therefore was indeed one for real estate tax liability such that the Tax Injunction Act is applicable.

Second, Plaintiffs argue that they did not appeal a State Tax Foreclosure Action in this court, but instead appealed "rights violations by State Actors acting under color of law." (Doc. 25, PageID 174).  Plaintiffs' claims, however, challenge the state foreclosure action against them for nonpayment of delinquent taxes, and Plaintiffs seek to have the tax lien sale set aside and discharged in their favor.  As the Magistrate Judge correctly recognized (Doc. 15, PageID 133), such challenges are precisely the type of suit over which federal courts lack jurisdiction. *Heskett v. Athens County*, Case No. 2:11-cv-890, 2013 U.S. Dist. LEXIS 37729 (S.D. Ohio Mar. 19,

2013) (Marbley, J.), *aff'd* 2013 U.S. App. LEXIS 24356 (6th Cir. Dec. 4, 2013) (holding the Tax Injunction Act generally bars jurisdiction over challenges to state court foreclosure actions for nonpayment of delinquent taxes even where the plaintiff alleges civil rights or constitutional claims). Moreover, like in *Heskett*, Plaintiffs appear to have an adequate remedy in state court. Indeed, Plaintiffs have filed multiple motions and objections in ongoing proceedings, and have obtained a stay of "all further execution of the Jan 4, 2014 judgment entry" and a cancellation of the sheriff's sale previously set for March 5, 2014. Plaintiffs also have pursued an appeal of the trial court's judgment in the Ohio Court of Appeals, which remains pending. Thus, even though Plaintiffs couch their current claims in terms of civil rights and constitutional violations, the Tax Injunction Act still serves to bar their claims in this Court. *See Heskett*, 2013 U.S. Dist. LEXIS 37729, at *12-14.

### B. *Rooker-Feldman* Doctrine

Plaintiffs challenge the Magistrate Judge's recommendation of dismissal based on the *Rooker-Feldman* doctrine on three grounds. (Doc. 25, PageID 175-76).

First, Plaintiffs argue that the "bel[ie]ve the Defendants and Defendants['] Attorneys are gaming the court with their false accusations and testimony before the court." (Doc. 25, PageID 175). Mere conclusory allegations and speculation as to the "gaming" of the court, however, do not change the correct legal analysis provided by the Magistrate Judge.

Second, Plaintiffs point out a misstatement of the Magistrate Judge concerning the "Clermont County" Court rather than the Scioto County Court. (Doc. 25, PageID 175). As explained above, however, that misstatement is immaterial to the legal issues presented and thus does not alter the Magistrate Judge's correct conclusion.

Third, Plaintiffs object on the basis that the "attorneys are testifying with no facts or verification before the court, and therefore the statements shall be stricken" and that "attorneys are testifying to matters outside the scope of Plaintiffs['] Complaint" under Fed. R. Civ. P. 12(f). (Doc. 25, PageID 175).  In support, Plaintiffs cite to a non-binding case from the Eastern District of Pennsylvania, *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964).  In *Trinsey*, the court stated that: "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Id.* Here, although Defendants made arguments in the answer and briefs, the Magistrate Judge did not rely on those unsupported statements and arguments of counsel in making her recommendation to dismiss Plaintiffs' Complaint based on the *Rooker-Feldman* doctrine. Instead, the Magistrate Judge properly considered the allegations in Plaintiffs' Complaint and caselaw applying the *Rooker-Feldman* doctrine in her analysis.  Pursuant to that analysis, the Magistrate Judge correctly determined that the *Rooker-Feldman* doctrine is applicable in this case.  As such, the Court declines to strike any improper statements made by Defendants or relied upon by the Magistrate Judge.[2]

Fourth, Plaintiffs may also have intended to object to the application of the *Rooker-Feldman* doctrine on the basis that their claims are couched in constitutional terms.  However, Plaintiffs' subjective characterization of their claims is not determinative.  The court must determine whether *Rooker-Feldman* bars a claim "by looking to the 'source of the injury the plaintiff alleges in the federal complaint.'"  *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2001) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).  "If the source of

---

[2] To the extent that Plaintiffs take issue with the reliance on the public records of the underlying state court proceeding, the Court overrules that objection.  As indicated previously, the Court may rely on matters of public record, as well as documents that are central to Plaintiffs' Complaint, in ruling on the motion for judgment on the pleadings.

the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." *Id.* As explained above, it is the state-court foreclosure suit and corresponding judgment entry against Plaintiffs that is the source of the injury alleged in the federal complaint, and the requested relief is for "the subject tax lien sale [to] be set aside, and discharged as a matter of law, and in the interests of justice." (Doc. 1, PageID 7-14, 25-26). This is precisely the type of claim that is barred by *Rooker-Feldman*. *See, e.g., Anderson v. County of Wayne*, No. 10-13708, 2011 U.S. Dist. LEXIS 86569, at *7-9 (E.D. Mich. Aug. 5, 2011) (holding that *Rooker-Feldman* barred claim seeking relief from state court tax foreclosure proceeding even where argued that case involved actions of Treasurer); *Promedica Continuing Care Servs. Corp. v. Hillsdale County, Mich.*, No. 1:08-cv-844, 2009 U.S. Dist. LEXIS 36318, at *13-14 (W.D. Mich. Apr. 28, 2009) (same).

As Plaintiffs have not raised any objections that would alter the Magistrate Judge's correct analysis in the Report, the undersigned finds that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine because the claims asserted therein are not independent of the state court delinquent tax and foreclosure proceedings.

## IV. CONCLUSION

Consistent with the foregoing, the undersigned **OVERRULES** Plaintiffs' Objections (Doc. 25) and **ADOPTS** the Report (Doc. 15) in its entirety. It is hereby **ORDERED** that:

1. Defendants' motion for judgment on the pleadings (Doc. 9) is GRANTED;
2. Plaintiffs' *ex parte* motion for a temporary restraining order (Doc. 8) is DENIED AS MOOT in light of the prior relief entered by the state court and because this Court lacks jurisdiction;[3]

---

[3] It is noted that in the objections, Plaintiffs agree to the denial of the temporary restraining order based upon the prior ruling in the state court proceeding. (Doc. 25, PageID 175).

```
```

3. Plaintiffs' motion to strike Defendants' answer (Doc. 6) is DENIED for the reasons stated above and in the Defendants' response thereto.

4. This case is DISMISSED WITH PREJUDICE and CLOSED.

**IT IS SO ORDERED**.

          s/Michael R. Barrett
          JUDGE MICHAEL R. BARRETT
          UNITED STATES DISTRICT JUDGE